**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMANPREET SINGH BATTH,

Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General, et al.,

Respondents.

Case No.:  3:26-cv-01362-RBM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Docs. 1, 2]**

Pending before the Court are Petitioner Samanpreet Singh Batth's Verified Petition for Habeas Corpus ("Petition") (Doc. 1) and Motion for Temporary Restraining Order/Preliminary Injunction ("TRO Motion") (Doc. 2).  For the reasons below, the Petition is **GRANTED** and the TRO Motion is **DENIED as moot**.

## I.   BACKGROUND

Petitioner, a citizen of India, entered the United States without inspection on June 15, 2022.  (Doc. 1 ¶ 2 (citing Doc. 1 at 26).)  Petitioner was determined to be inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  (*Id.* at 21.) On June 22, 2022, Petitioner was released on a $3,000 bond.  (*Id.* at 28.)  Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") on February 21, 2026. (*Id.* ¶ 5 (citing Doc. 1 at 46).)

1

On March 3, 2026, Petitioner filed the Petition and TRO Motion. (Docs. 1, 2.) The Court issued an Order to Show Cause and set a briefing schedule the next day. (Doc. 3.) On March 14, 2026, Respondents filed their Return to Habeas Petition and Notice of Non-Opposition ("Response"). (Doc. 4.) Petitioner filed his Reply to Respondents' Non-Opposition to Bond on March 18, 2026. (Doc. 5.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims that his detention violates 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 38–51.) Respondents do not respond substantively to any of Petitioner's claims, indicating only that they "submit their Notice of Non-Opposition to a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings." (Doc. 4 at 1.) But Petitioner argues that immediate release is the appropriate remedy. (Doc. 1 at 16, Prayer for Relief.) The Court agrees with Petitioner.

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3208844, at *2–7 (S.D. Cal. Nov. 17, 2025); *Rodriguez v. LaRose*, 2025 WL 3456475, at *3–5 (S.D. Cal. Dec. 2, 2025). In those decisions, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall

structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for years. *Rodriguez*, 2025 WL 3456475, at *2–5 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning from those decisions, and makes the same findings, here.

There is no dispute that Petitioner was detained on February 21, 2026, after having resided in the United States for over two years. (Doc. 1 ¶¶ 2, 5.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention. Petitioner's re-detention without notice or a pre-deprivation hearing, then, violated his due process rights and renders his detention unlawful. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

The Court also finds that immediate release, rather than a further bond hearing, is the appropriate remedy. *Accord Lopez-Mendez v. Larose*, Case No. 25-cv-03037-BAS-DDL, 2025 WL 3295331, at *2–4 (S.D. Cal. Nov. 26, 2025) (granting petition and ordering the petitioner released on the same bond and conditions set by the immigration judge in 2017); *Rodriguez*, 2025 WL 3485876, at *1–2 (granting petition and ordering the petitioner released on the same bond and conditions set by the immigration judge in 2009); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.") The Petition is therefore **<u>GRANTED</u>**.

3:26-cv-01362-RBM-DEB

## IV.    CONCLUSION[1]

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same $3,000 bond and conditions of release set forth in the 2022 Notice of Custody Determination.  (*See* Doc. 1 at 28.)

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2]

3. The TRO Motion (Doc. 2) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATE:  March 25, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1044 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).